## Simpson v. Simpson (No. 2)

*I. M. Czap*, for plaintiff.

*W. T. Campbell*, for defendant.

OLIVER, P. J., December 20, 1954. — On September 17, 1954, this court granted a rule on defendant to show cause why an order should not be made against him for counsel fees and alimony pendente lite. After a hearing on the rule, we entered an order on December 4, 1954, requiring defendant to pay alimony pendente lite in the sum of $20 per week, beginning as of September 17, 1954, and an additional counsel fee of $100.

On December 14, 1954, defendant filed an appeal from this order to the Superior Court of Pennsylvania. Defendant now petitions this court to fix the amount of a bond he wishes to enter, so that his appeal may operate as a supersedeas pursuant to section 6 of the Act of May 19, 1897, P. L. 67, 12 PS §1138. Defendant has paid nothing to date. If a supersedeas is allowed he will be excused from paying her anything until the determination of his appeal by the Superior Court. Wife plaintiff would thereby be deprived of the ability to contest the appeal and to carry on her action. An exceedingly bad precedent would be established, defeating the very purpose for which courts are empowered to grant the wife in divorce proceedings appropriate counsel fees and alimony pendente lite. The very term "alimony pendente lite" means support during litigation, and not the mere possibility of collecting something *after* the litigation, or any especial phase of it, has ended.

The purpose is obviously to prevent a husband's defeating his wife's action by the simple process of making it financially impossible for her to carry it on.

Furthermore, the order for alimony and counsel fees differs essentially from the ordinary order or judgment for the payment of money, and we cannot believe the legislature, by the Act of May 19, 1897, intended to

strip the wife in a divorce proceeding of the protection the law has for so long afforded her.

Therefore, defendant's petition is dismissed.